JTW: 05.20.24
USAO#2024R00269

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **UNDER SEAL** |
| | * | |
| v. | * | Criminal No. JKB 24cr 164 |
| | * | |
| **MARVIN MILLER, and** | * | (Conspiracy to Distribute and |
| **ELROY JOHNSON JR.** | * | Possess with Intent to Distribute |
| | * | Controlled Substances, 21 U.S.C. |
| | * | § 846; Possession with Intent to |
| Defendants. | * | Distribute Controlled Substances, 21 |
| | * | U.S.C. § 841(a); Aiding and |
| | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * | 21 U.S.C. § 853) |
| | * | |
| | * | |
| | * | |

******

USDC- BALTIMORE
'24 MAY 22 PM4:26

# INDICTMENT

## COUNT ONE
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges:

From a date unknown to the Grand Jury but no later than October 2023 and continuing until on or about December 2023, in the District of Maryland, the defendants,

**MARVIN MILLER, and**
**ELROY JOHNSON JR.**

did knowingly combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)

**Quantity of Controlled Substances Involved in the Conspiracy**

With respect to **MARVIN MILLER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to 21 U.S.C. § 841(b)(1)(A).

With respect to **ELROY JOHNSON Jr.** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance pursuant to 21 U.S.C. § 841(b)(1)(B)(ii).

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or about December 19, 2023, in the District of Maryland, the defendant,

**MARVIN MILLER and
ELROY JOHNSON JR.**

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, in the event of the defendants' convictions under Counts One and Two of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense(s) set forth in Counts One or Two, the defendants,

**MARVIN MILLER**
**and**
**ELROY JOHNSON JR.,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, the following:

    a. a forfeiture money judgment in the amount of proceeds each defendant obtained as a result of Count One;

    b. approximately $671,685 in U.S. currency seized from 2311 Koko Lane, Baltimore, Maryland 21216 on or about December 19, 2023;

    c. approximately $17,835 in U.S. currency seized from 5312 Norwood Avenue, Baltimore, Maryland 21207 on or about December 20, 2023;

    d. a 10-karat gold chain with a diamond guardian angel pendant seized from the Royal Sonesta Hotel, Room 752 located at 550 Light Street, Baltimore, Maryland 21202 on or about December 19, 2023;

  e. a 10-karat gold diamond Cuban link chain seized from the Royal Sonesta Hotel, Room 752 located at 550 Light Street, Baltimore, Maryland 21202 on or about December 19, 2023;

  f. a 10-karat gold and diamond chain with a diamond circular pendant with pictures seized from the Royal Sonesta Hotel, Room 752 located at 550 Light Street, Baltimore, Maryland 21202 on December 19, 2023;

  g. a 14-karat gold and diamond ring with "EA" and "88" in diamonds seized from the Royal Sonesta Hotel, Room 752 located at 550 Light Street, Baltimore, Maryland 21202 on or about December 19, 2023;

  h. a 10-karate two-tone gold men's diamond Cuban link chain;

  i. a 10-karat two-tone gold and diamond necklace with an "EA Omerta" pendant bearing three skulls seized from the Royal Sonesta Hotel, Room 752 located at 550 Light Street, Baltimore, Maryland 21202 on or about December 19, 2023;

  j. a stainless steel and 18-karat gold Rolex Diamond Oyster Perpetual Date just II watch seized from the Royal Sonesta Hotel, Room 752 located at 550 Light Street, Baltimore, Maryland 21202 on or about December 19, 2023;

  k. a 10-karat gold diamond tennis necklace seized from Marvin Miller on or about December 19, 2023; and

  l. a 14-karat gold men's diamond personalized "EA" pendant seized from Marvin Miller on or about December 19, 2023.

## **Substitute Assets**

4. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided

without difficulty, the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

Erek L. Barron
Erek L. Barron
United States Attorney

5-22-24
Date

USDC- BALTIMORE
'24 MAY 22 PM 4:26

6